UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. T. TUCKER, JR., #132271,
a/k/a KITWANA OMARI MBWANA,

        Plaintiff,

v.                                              CASE NO. 18-11608
                                              HON. NANCY G. EDMUNDS

CORIZON CORRECTIONAL HEALTH CARE,
KRISTINE NYQUIST, and CHUNG OH,

        Defendants.
_____/

**OPINION AND ORDER DENYING THE APPLICATION
TO PROCEED WITHOUT PREPAYING THE FILING FEE [2],
SUMMARILY DISMISSING THE COMPLAINT [1], AND
DENYING AS MOOT THE MOTION FOR APPOINTMENT OF COUNSEL [3]**

**I. Introduction**

      This matter has come before the Court on a *pro se* civil rights complaint filed by L.T. Tucker, Jr., who is also known as Kitwana Omari Mbwana. Plaintiff is a state prisoner at the Baraga Maximum Correctional Facility in Baraga, Michigan. He alleges that he suffers from type two diabetes, diabetic peripheral neuropathy, high blood pressure, glaucoma, digestive intestinal disorder, and hepatitis C. The defendants are Corizon Correctional Health Care and two of its employees. The complaint alleges that the defendants have been deliberately indifferent to Plaintiff's diabetes and hepatitis and that they have retaliated against him for filing grievances about the problem.

      Plaintiff has applied for permission to proceed without prepayment of the filing fee for his complaint. He also seeks appointment of counsel to assist him.

## II. Discussion

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting § 1915(g)).

An exception to this "three strikes" rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).

Plaintiff has filed numerous cases in federal court, and at least three of his prior lawsuits were dismissed as frivolous or for failure to state a claim. *See Percival, et al. v. Williams, et al.,* No. 1:00-cv-849 (W.D. Mich. Nov. 29, 2000); *Tucker v. Hembree, et al.*, No. 4:94-cv-105 (W.D. Mich. July 15, 1994); *Tucker v. Kinney, et al.,* No. 4:94-cv-101 (W.D. Mich. June 30, 1994); *Tucker v. Chapin, et al.*, No. 4:94-cv-100 (W.D. Mich. June 30, 1994). Although three of these cases were dismissed before § 1915(g) became law as part of the Prison Litigation Reform Act of 1996, they count as "strikes" under § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). This Court, moreover, previously notified Plaintiff that he has "three strikes" under § 1915(g). *See Tucker v. Shahee*, No. 2:09-cv-12942 (E.D. Mich. Sept. 30, 2009, Nov. 10, 2009).

Plaintiff, nevertheless, asserts that he is under imminent danger of serious physical harm as a result of the defendants' failure to adequately treat his serious and chronic medical conditions. "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted). . . .

*Id.*

"[A]lleging a danger of serious physical injury as a result of being presently denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception," *id.* at 582-83, but exhibits to the complaint indicate that Plaintiff is being treated for his diabetes and monitored for his hepatitis. Although a medical provider eliminated Plaintiff's noon dose of a diabetes medication, the provider did not discontinue the medication. Furthermore, Plaintiff's insulin order was renewed. *See* Compl., Ex. 4, Pg ID 36-37, 56, 60.

As for Plaintiff's hepatitis, an infectious disease provider determined in 2015 that Plaintiff did not have advanced liver fibrosis and that Plaintiff was not considered a high priority for treatment. In July of 2017, a physician saw Plaintiff for his infectious disease

3

and determined that Plaintiff's liver enzymes were within normal limits. Plaintiff continues to be monitored pursuant to a chronic care schedule, and interventions will be provided when appropriate. *See* Compl., Ex. 10, Pg ID 64-65.

### III. Conclusion

At least three of Plaintiff's complaints have been dismissed as frivolous or for failure to state a claim, and Plaintiff has failed to demonstrate that he is in imminent danger of serious physical harm. His allegations merely "represent disagreements about the quality of the medical care that [he] is receiving which, even if true, are not sufficient to support an imminent danger claim." *Ball v. Famiglio,* 726 F.3d 448, 468 (3d Cir. 2013) (citing *Brown v. Beard,* 492 F. Supp. 2d 474, 478 (E.D. Pa. 2007)).

Accordingly, the Court:

• denies Plaintiff's application to proceed without prepayment of the filing fee for this case, ECF No. 2;

• summarily dismisses the complaint, ECF No. 1, without prejudice pursuant to § 1915(g); and

• denies as moot Plaintiff's motion for appointment of counsel, ECF No. 3.

The Court also cautions Plaintiff that § 1915(g) applies to appeals. Therefore, if Plaintiff appeals this decision, he must prepay the appellate filing fee.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2018

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon counsel of record June 7, 2018, by electronic and/or ordinary mail.

                                  s/Lisa Bartlett
                                  Case Manager