UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. T. TUCKER, JR., #132271,
a/k/a KITWANA OMARI MBWANA,

      Plaintiff,

v.                                          CASE NO. 18-11608
                                          HON. NANCY G. EDMUNDS
CORIZON CORRECTIONAL HEALTH CARE,
KRISTINE NYQUIST, and CHUNG OH,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT [11]

### I. Introduction

Plaintiff L.T. Tucker, Jr., a state prisoner at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* civil rights complaint and an application to proceed without prepaying the fees for this action on May 22, 2018. *See* ECF Nos. 1 and 2. The complaint alleged that the defendants were deliberately indifferent to Plaintiff's diabetes and hepatitis and that they retaliated against him for filing administrative grievances about his medical problems. On June 7, 2018, the Court denied Plaintiff's application to proceed without prepaying the filing fee and summarily dismissed the complaint under 28 U.S.C. § 1915(g).[1] The Court stated that, at least three of Plaintiff's prior cases were dismissed

---

[1] Under the "three strikes" provision of 28 U.S.C. § 1915(g), a prisoner may not

    bring a civil action under § 1915 "if the prisoner has, on 3 or more prior
    occasions, while incarcerated or detained in any facility, brought an action
    or appeal in a court of the United States that was dismissed on the
    grounds that it is frivolous, malicious, or fails to state a claim upon which

as frivolous or for failure to state a claim and that Plaintiff had not shown he was in imminent danger of serious physical injury. See ECF No. 5.

Plaintiff appealed the Court's decision, ECF No. 7, and then filed a motion for relief from judgment in this Court, ECF No. 11. He wants the Court to vacate its order and judgment of dismissal, allow him to proceed without prepaying the entire filing fee, and serve the complaint on the defendants.

## II. Discussion

This District's Local Rules state that the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013). "A 'palpable' defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3rd Ed. 1988)).

Plaintiff does not dispute that three or more of his prior complaints were dismissed as frivolous or for failure to state a claim. Instead, he argues that the Court imposed a heightened standard of pleading when it reviewed his complaint and failed to treat the complaint less stringently than complaints filed by attorneys.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the

---

relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, the Federal Court of Appeals for the Sixth Circuit previously stated in a *pro se* case that "[t]he imminent danger exception [of § 1915(g)] is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). In light of this statement from *Vandiver* and Rule 8, the Court does not believe it imposed a heightened standard of pleading when it reviewed Plaintiff's complaint and concluded that he had failed to show he was in imminent danger of serious physical injury.

The Court acknowledges that "a pro se complaint, 'however inartfully pleaded,' must be held to "less stringent standards than formal pleadings drafted by lawyers. . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). Nevertheless, "the lenient treatment generally accorded to pro se litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F/2d 108, 110 (6th Cir. 1991)). When a *pro se* litigant fails to comply with easily understood rules, a federal court is not required to treat the litigant any more leniently than someone represented by counsel. *See id.* ("Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

Plaintiff, nevertheless, contends that the Court used an overly restrictive reading of the imminent-danger exception to § 1915(g) and relied on hearsay when it made the determination that he was not in imminent danger. The Court, however, merely relied on exhibits to the complaint, which indicated that Plaintiff is being treated for his diabetes

and monitored for his hepatitis. The Court may rely on a medical professional's "declaration in deciding whether or not a claim of imminent danger of serious physical injury is credible," and "there is no basis to strike the declaration because it is hearsay." *Bronson v. Kerestes*, No. 3:09-cv-0269, 2010 WL 411720, at *6 (M.D. Pa. Jan. 25, 2010) (unpublished).

Plaintiff has failed to show that the Court made an obvious, clear, unmistakable, manifest, or plain error when it denied Plaintiff's financial application and summarily dismissed his complaint. Accordingly, the Court denies Plaintiff's motion for relief from judgment. (ECF No. 11).

        s/ Nancy G. Edmunds
        NANCY G. EDMUNDS
        UNITED STATES DISTRICT JUDGE

Dated: February 8, 2019